IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST APPLIANCE PARTS CO. INC., an Illinois corporation | ) ) ) | Case No. 15 CV 1855 |
| Plaintiff | ) ) | COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT |
| v. | ) ) | |
| MICHAEL SHEAHAN | ) ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

Midwest Appliance Parts Co., Inc. ("Midwest" or "Plaintiff"), by its attorneys, complains of Michael Sheahan ("Sheahan" or "Defendant") as follows:

**NATURE OF THE ACTION**

This is a civil action for federal trademark infringement under 15 U.S.C. §1114, false designation of origin and false advertising under 15 U.S.C. §1125(a), infringing use of an internet domain name under 15 U.S.C. §1125(d), state common law trademark infringement, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1 et seq., violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1 et seq., and state common law claims of unfair competition and unjust enrichment.

**THE PARTIES**

1. Midwest Appliance Parts Co., Inc., is an Illinois corporation and operates a retail appliance parts store at 2023 W. Fullerton Avenue, Chicago, Illinois 60647.

2. Upon information and belief, Michael Sheahan owns and operates a retail appliance parts and repair store at 33 W 624 Roosevelt Rd, Geneva, IL 60134 and 33W624 Route 38, West Chicago, Illinois 60185.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Midwest's Lanham Act claims pursuant to 15 U.S.C §1121 and 28 U.S.C. §§1331 and 1338(a).

4. This Court has supplemental jurisdiction over Midwest's pendent state law claims pursuant to 28 U.S.C. §1367 in that the state law claims are integrally interrelated with Midwest's federal claims and arise from a common nucleus of operative facts such that the administration of Midwest's state law claims with its federal claims furthers the interests of judicial economy.

5. This Court has personal jurisdiction over Sheahan because Sheahan conducts business in the State of Illinois.

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391 because Sheahan maintains a place of business in this district and is subject to personal jurisdiction in this district.

## MIDWEST'S TRADEMARKS

7. Midwest was founded more than eighty (80) years ago as a family-run business.

8. Since then, Midwest has engaged in the sale of appliance parts to individuals and businesses throughout the United States.

9. Midwest sells its appliance parts from its retail store located at 2023 W. Fullerton Avenue in Chicago and throughout the United States via an internet website at www.midwestapplianceparts.com.

10. Midwest is the owner of the following federally registered trademarks: MIDWEST APPLIANCE PARTS, Registration No. 4,592,554, and MIDWESTAPPLIANCEPARTS.COM, Registration No. 4,600,575.

11. Midwest has expended substantial time, money and other resources in developing, advertising, and otherwise promoting its marks.

**ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

12. Upon information and belief, Sheahan advertises and promotes the sale of appliance parts via various third party websites using the name "Midwest Appliance Repair & Parts Co."

13. Upon information and belief, and by way of example, and not in limitation thereof, Sheahan advertises and promotes the sale of his appliance parts on dex.com, oddpath.com, merchantcircle.com, getfave.com, facebook.com, and cylex.com using the name "Midwest Appliance Repair & Parts Co."

14. Upon information and belief, Sheahan also advertises and promotes the sale of his appliance parts via an Internet website at www.midwestappl.com.

15. Upon information and belief, and by way of example, and not in limitation thereof, Sheahan's advertisements and promotions on dex.com, oddpath.com, merchantcircle.com, getfave.com, facebook.com, and cylex.com direct customers, potential customers, the general public and the trade to Sheahan's website at www.midwestappl.com.

16. Upon information and belief, Sheahan also advertises and promotes appliance parts by communicating with customers, potential customers, the general public and the trades using the email address midwestappliance@sbcglobal.net.

17. Upon information and belief, Sheahan has directed consumers, members of the public and/or members of the trade to purchase appliance parts, and consumers, members of the public and/or members of the trade have in fact purchased appliance parts, by using, advertising and promoting the sale of his appliance parts using the name "Midwest Appliance Repair & Parts

Co.", the domain www.midwestappl.com and the email address midwestappliance@sbcglobal.net.

## COUNT I
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

18. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

19. Midwest has used its federally registered MIDWEST APPLIANCE PARTS and MIDWESTAPPLIANCEPARTS.COM marks in commerce in connection with virtually all of its products and services, including its sale of appliance parts.

20. Midwest has used it federally registered MIDWEST APPLIANCE PARTS and MIDWESTAPPLIANCEPARTS.COM marks in commerce in connection with the dissemination of online advertising.

21. Midwest has become widely known in the marketplace as a preeminent source for appliance parts.

22. Sheahan has both actual and constructive knowledge of Midwest's ownership of and rights in its federally registered marks prior to Defendants' infringing use of those marks.

23. Without authorization from Midwest, Sheahan adopted and continues to use in commerce Midwest's federally registered marks, and marks confusingly similar thereto, with full knowledge of Midwest's superior rights, and with full knowledge that his infringing use of Midwest's marks was intended to cause confusion, mistake and/or deception.

24. Sheahan offers his goods and services under the infringing marks under the same channels of trade as those in which Midwest's legitimate goods and services are offered.

Case: 1:15-cv-01855 Document #: 1 Filed: 03/02/15 Page 5 of 12 PageID #:5

25. Sheahan's infringing use of Midwest's marks in connection with Sheahan's business is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of Sheahan's business with Midwest, in violation of 15 U.S.C §1114.

26. Sheahan's actions constitute knowing, deliberate, and willful infringement of Midwest's federally registered marks.

27. As a result of Sheahan's infringement, Midwest has suffered substantial damages as well as the continuing loss of the goodwill and reputation established by Midwest in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Midwest has no adequate remedy at law. Midwest will continue to suffer irreparable harm unless this Court enjoins Sheahan's conduct.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**
**(15 U.S.C. §1125(a))**

28. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

29. Sheahan's promotion, advertising, distribution, sale and/or offering for sale of appliance parts using imitations and/or confusingly similar indicia associated with Midwest is intended, and is likely to confuse, mislead or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the appliance parts, and is intended, and is likely to cause such parties to believe, in error, that Sheahan is in some way affiliated with Midwest.

30. The foregoing acts of Sheahan constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. §1125(a).

31. Upon information and belief, Sheahan has made and will continue to make substantial profits and/or gains to which he is not in law or equity entitled.

5

32. Upon information and belief, Sheahan intends to continue his infringing acts unless restrained by this Court.

33. Sheahan's acts have damaged and will continue to damage Midwest and Midwest has no adequate remedy at law.

## COUNT III
## INFRINGING DOMAIN NAME
## (15 U.S.C §1126(d))

34. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

35. Upon information and belief, Sheahan owns, registered, traffics and/or uses the domain name www.midwestappl.com that is confusingly similar to Midwest's marks.

36. Sheahan's registration, trafficking and/or use of the domain name constitutes, *inter alia*, a bad faith intent to profit from Midwest's marks by *inter alia* diverting consumers from Midwest's online location at www.midwestapplianceparts.com to www.midwestappl.com.

37. The conduct of Sheahan could harm the goodwill represented by Midwest's marks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Sheahan's site.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

38. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

39. Midwest owns all rights, title and interest in and to the Midwest marks, including all common law rights in such marks.

40. Sheahan, without authorization from Midwest, has used and is continuing to use designations that are identical to, substantially indistinguishable from, and/or confusingly similar to Midwest's marks.

41. The foregoing acts of Sheahan are intended to cause, have caused, and is likely to continue to cause confusion, mistake and deception amongst consumers, the public and the trade as to whether Sheahan's appliance parts originate from, or are affiliated with, sponsored by, or endorsed by Midwest.

42. Upon information and belief, Sheahan has acted with knowledge of Midwest's ownership of the Midwest marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable good will symbolized thereby.

43. Sheahan's acts constitute trademark infringement in violation of the common law of the State of Illinois.

44. Upon information and belief, Sheahan has made and will continue to make substantial profits and/or gains to which he is not in law or equity entitled.

45. Upon information and belief, Sheahan intends to continue his infringing acts unless restrained by this Court.

46. Sheahan's acts have damaged and will continue to damage Midwest and Midwest has no adequate remedy at law.

## COUNT V
### UNFAIR COMPETITION UNDER ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS §505)

47. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

48. The foregoing acts of Sheahan constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505 et seq.

49. Upon information and belief, Sheahan has made and will continue to make substantial profits and/or gains to which he is not in law or equity entitled.

50. Upon information and belief, Sheahan intends to continue his infringing acts unless restrained by this Court.

51. Sheahan's acts have damaged and will continue to damage Midwest and Midwest has no adequate remedy at law.

### COUNT VI
### UNFAIR COMPETITION UNDER THE ILLINOIS
### UNIFORM DECEPTIVE PRACTICES ACT
### (815 ILCS §510)

52. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

53. The foregoing acts of Sheahan constitute unfair competition in violation of the Illinois Uniform Deceptive Practices Act, 815 ILCS §510 et seq.

54. Upon information and belief, Sheahan has made and will continue to make substantial profits and/or gains to which he is not in law or equity entitled.

55. Upon information and belief, Sheahan intends to continue his infringing acts unless restrained by this Court.

56. Sheahan's acts have damaged and will continue to damage Midwest and Midwest has no adequate remedy at law.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

57. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

58. The foregoing acts of Sheahan constitute unfair competition in violation of the common law of the State of Illinois.

59. Upon information and belief, Sheahan has made and will continue to make substantial profits and/or gains to which he is not in law or equity entitled.

60. Upon information and belief, Sheahan intends to continue his infringing acts unless restrained by this Court.

61. Sheahan's acts have damaged and will continue to damage Midwest and Midwest has no adequate remedy at law.

## COUNT VIII
## UNJUST ENRICHMENT

62. Midwest repeats and realleges the allegations contained in paragraphs 1-17.

63. The acts of Sheahan complained of have unjustly enriched Sheahan at the expense of Midwest in violation of the common law of the State of Illinois.

## RELIEF SOUGHT

**WHEREFORE**, Midwest respectfully requests that this Court enter judgment against Sheahan as follows:

A. Finding that: (1) Sheahan violated 15 U.S.C §1114; 15 U.S.C §1125(a); 15 U.S.C. §1125(d); (ii) Sheahan engaged in trademark infringement under the common law of Illinois; (iii) Sheahan engaged in unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505 et seq.; (iv) Sheahan engaged in unfair competition in

violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510 et seq.; (v) Sheahan engaged in unfair competition under the common law of Illinois, and (vi) Sheahan was unjustly enriched in violation of Illinois common law.

  B. Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and/or 15 U.S.C §1116, preliminarily and permanently restraining and enjoining Sheahan, his agents, employees, attorneys, and all those persons or entities in active concert or participation with him from:

  i. Infringing in any manner upon Midwest's federally registered trademarks;

  j. Using, advertising, marketing, and/or promoting any mark substantially similar or confusingly similar to Midwest's marks;

  k. Using, advertising, marketing, and/or promoting the sale of appliance parts using "Midwest Appliance Repair & Parts Co.", www.midwestappl.com and midwestappliance@sbcglobal.net";

  ii. Engaging in any other activity constituting unfair competition with Midwest, or acts and practices that deceive consumers, the public and/or trade, including without limitation, the use of designations associated with Midwest.

  C. Pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C §1125(d)(1)(C), directing Sheahan to transfer the Domain Name "midwesttappl.com" and the email address midwestappliance@sbcglobal.net to Midwest and execute all documents necessary to immediately effect such transfer of the Domain Name and email address to Midwest.

  D. Requiring Sheahan to recall all advertisements, marketing materials and promotional materials bearing "Midwest Appliance Repair & Parts Co.", www.midwestappl.com and/or midwestappliance@sbcglobal.net.

E. Requiring Sheahan to remove all online postings bearing "Midwest Appliance Repair & Parts Co.", www.midwestappl.com and/or midwestappliance@sbcglobal.net.

F. Requiring Sheahan to file with this Court and serve on Midwest within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Sheahan, his agents, employees, servants and attorneys have complied with the injunction.

G. Directing such other relief as the Court may deem appropriate to prevent consumers, the public and/or the trade from deriving any erroneous impression that Sheahan is associated with Midwest.

H. Awarding Midwest damages, including Sheahan's profits, Midwest's actual damages, costs of the action, and reasonable attorney's fees pursuant to 15 U.S.C §1117(a).

I. Awarding Midwest treble damages pursuant to 15 U.S.C §1117(a)(3).

J. Awarding Midwest an amount in excess of actual damages that the Court finds to be just, according to the circumstances of the case. 15 U.S.C §1117(a)(3).

K. Awarding Midwest actual and punitive damages to which it is entitled under applicable federal and state laws.

L. Awarding Midwest its attorney's fees and costs, investigatory fees, and expenses, to the fullest extent provided for by 15 U.S.C §1117, 815 ILCS §505 and 815 ILCS §510.

M. Awarding Midwest pre-judgment interest on any monetary award made part of the judgment against Sheahan;

N. Awarding Midwest such additional and further relief as the Court deems just and proper, and

O. Reserving jurisdiction to enforce the requirements of any injunction ordered by the Court.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Midwest requests a trial by jury in this matter.

Dated: March 2, 2015

        Respectfully Submitted,

        By: s/Grant Blumenthal
        Grant Blumenthal (No. 6238437)
        Blumenthal Law Group PC
        180 N. Lasalle Street
        Suite 3700
        Chicago, Illinois 60601
        Tel: (312) 981-5055
        E: gblumenthal@blumenthal-law.com

        *Attorneys for Midwest Appliance Parts Co., Inc.*